UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**OMNIPOINT COMMUNICATIONS INC., d/b/a**      Case No.
**T-MOBILE**      **08 CV 2201 (WCC) (GAY)**

Plaintiff,

**TOWN OF LAGRANGE, TOWN OF LAGRANGE**      **ANSWER**
**ZONING BOARD OF APPEALS, TOWN OF**
**LAGRANGE PLANNING BOARD, AND TOWN**
**OF LAGRANGE PLANNING, ZONING &**
**BUILDING DEPARTMENT,**

Defendants.
_____

      The defendants, by their attorneys Van DeWater and Van DeWater, LLP, respond

to the Complaint herein as follows:

## I. PRELIMINARY STATEMENT

1.      With respect to the allegations at Paragraph "1" of the Complaint, deny the

allegations set forth in that paragraph except admit that plaintiff purports to

seek declaratory and injunctive relief from this Court under the United States

Constitution, the Telecommunications Act of 1934, as amended by the

Telecommunications Act of 1996 (hereinafter, collectively, the "TCA") and

State Law.

2-3.      Deny the allegations of Paragraphs "2" and "3" of the Complaint.

4.      With respect to the allegations at Paragraph "4" of the Complaint, admit that

the application of T-Mobile was to co-locate wireless telecommunications

antennas on an existing monopole communications tower and to install related

equipment inside the existing fenced area at the base of the monopole

communications tower on property located at 20 Vervalen Drive in the Town, that such property is also identified as Tax Map No. 6461-03-199144, but deny the remaining allegations of Paragraph "4" of the Complaint.

5.      With respect to the allegations at Paragraph "5" of the Complaint, admit that the plaintiff's application was submitted with letter dated May 20, 2005, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint.

6.      With respect to the allegations at Paragraph "6" of the Complaint, deny that the ZBA improperly and unlawfully denied T-Mobile's application for a variance, and neither admit nor deny the remaining allegations in Paragraph "6" of the Complaint, and refer the Court to the document, annexed to the Complaint as Exhibit "E", which speaks for itself.

7-9.    Deny the allegations of Paragraphs "7", "8" and "9" of the Complaint.

## II. PARTIES

10-12.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "10", "11" and "12" of the Complaint.

13.     Neither admit nor deny the allegations at Paragraph "13" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

14.     Deny knowledge or information sufficient to form a belief as to truth of Paragraph "14".

15.     Admit the allegations of Paragraphs "15".

16.        Deny the allegations in Paragraph "16" to the limited extent that Local Law No. 8 of the Year 1987 was amended in its entirety and superseded by Local Law No. 7 of 2006 on September 27, 2006, but admit the remaining allegations of Paragraph "16".

17-18.     Admit the allegations in Paragraphs "17" and "18" of the Complaint.

### III. JURISDICTION AND VENUE

19 - 21.   Neither admit nor deny the allegations in Paragraphs "19", "20" and "21" of the Complaint as those Paragraphs state conclusions of law to which no responsive pleading is required.

### IV.  BACKGROUND FACTS, APPLICABLE CODE REQUIREMENTS AND APPLICATION HISTORY

22 – 26.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "22", "23", "24", "25" and "26" of the Complaint.

27.        With respect to the allegations of Paragraph "27" of the Complain, deny that the wireless zoning and other regulations enacted by the Town are delaying and deterring the installation of new wireless facilities, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph "27".

28.        Admit the allegations of Paragraph "28" of the Complaint.

29.        Neither admit nor deny the allegations at Paragraph "29" of the Complaint, as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

30 - 31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "30" and "31".

32 - 34.     Neither admit nor deny the allegations at Paragraphs "32", "33" and "34" of the Complaint, as those Paragraphs state conclusions of law to which no responsive pleading is necessary.

35-38.     Neither admit nor deny the allegations in Paragraphs "35", "36", "37" and "38" of the Complaint and refer the Court to the document, Town of LaGrange Town Code Section 240-49, annexed hereto as Exhibit "A", which speaks for itself.

39-40.     Deny the allegations of Paragraphs "39" and "40" of the Complaint.

41.     Admit the allegations of Paragraph "41" of the Complaint.

42.     Neither admit nor deny the allegations at Paragraph "42" of the Complaint and refer the Court to the document, Town of LaGrange Town Code Section 240-49, annexed hereto as Exhibit "A", which speaks for itself.

43.     With respect to the allegations at Paragraph "43" of the Complaint, admit that Section 240-49(I) limits special use permits for communications facilities to two years from the date of approval by the Planning Board but deny all remaining allegations in Paragraph "43".

44-45.     Neither admit nor deny the allegations at Paragraphs "44" and "45" of the Complaint and refer the Court to the document, Town of LaGrange Town Code Section 240-49, annexed hereto as Exhibit "A", which speaks for itself.

46.     Neither admit nor deny the allegations at Paragraph "46" of the Complaint as the document speaks for itself.

4

47.        Deny the allegations of Paragraph "47" of the Complaint.

48.        Neither admit nor deny the allegations at Paragraph "48" of the Complaint and refer the Court to the document, Town of LaGrange Town Code Section 240-49, annexed hereto as Exhibit "A", which speaks for itself.

49-50.     Deny the allegations of Paragraphs "49" and "50" of the Complaint.

51-53.     Neither admit nor deny the allegations at Paragraphs "51", "52" and "53" of the Complaint and refer the Court to the document, Town of LaGrange Town Code Section 240-49, annexed hereto as Exhibit "A", which speaks for itself.

54.        Deny the allegations of Paragraph "54" of the Complaint.

55.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph "55" of the Complaint.

56.        Neither admit nor deny the allegations at Paragraph "56" of the Complaint as that Paragraph states a legal conclusion to which no responsive pleading is required.

57-62      Deny knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraphs "57", "58", "59", "60" "61" and "62" of the Complaint.

63-64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "63" and "64" of the Complaint.

65.        With respect to the allegations of Paragraph "65" of the Complaint, deny the allegation that the T-Mobile application at the Redl Site was "supported by" the 1987 variance, but admit the remaining allegations in Paragraph "65".

66-67.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs "66" and "67."

68.    Admit the allegations in Paragraph "68" of the Complaint.

69.    Deny the allegations of Paragraph "69" of the Complaint.

70.    Neither admit nor deny the allegations of Paragraph "70" of the Complaint and refer the Court to the Order, annexed to the Complaint as Exhibit "B", which speaks for itself.

71.    Neither admit nor deny the allegations at Paragraph "71" of the Complaint and refer the Court to the document, Town of LaGrange Town Code Section 240-49, annexed hereto as Exhibit "A", which speaks for itself.

72-73.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs "72" and "73" of the Complaint.

74-76.    Neither admit nor deny the allegations at Paragraphs "74", "75" and "76" of the Complaint, as each document will speak for itself.

77.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph "77" of the Complaint.

78.    Neither admit nor deny the allegations at Paragraph "78" of the Complaint, as the document will speak for itself.

79-80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs "79" and "80" of the Complaint.

81-82.    Neither admit nor deny the allegations at Paragraphs "81" and "82" of the Complaint, as each document will speak for itself.

83.    Admit the allegations in Paragraph "83" of the Complaint.

84-85.    Neither admit nor deny the allegations at Paragraphs "84" and "85" of the Complaint, as each document will speak for itself.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "86" of the Complaint.

87.    With respect to the allegations at Paragraph "87" of the Complaint, admit that on January 17, 2006 T-Mobile, through its attorney Jeffrey Davis, Esq., appeared before the Planning Board for a public hearing to discuss its ATC Site co-location application, and with respect to the remaining allegations the Defendants admit that the alleged topics were discussed by the public but deny the allegation that the public hearing was "focused" on those topics.

88-89.    Deny the allegations at Paragraphs "88" and "89" of the Complaint.

90.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "90" of the Complaint.

91.    Neither admit nor deny the allegations at Paragraph "91" of the Complaint, as the document speaks for itself.

92.    Deny knowledge or information sufficient to form a belief as to truth of the allegations at Paragraph "92" of the Complaint.

93-94.    Deny the allegations at Paragraphs "93" and "94" of the Complaint.

95.    Deny the allegations in Paragraph "95" of the Complaint, but admit that a certificate of compliance was issued on August 2, 2007.

96.    Neither admit nor deny the allegations at Paragraph "96" of the Complaint, as the document will speak for itself.

97    Admit the allegations in Paragraph "97" of the Complaint.

98-100.   Deny knowledge or information sufficient to form a belief as to the allegations in Paragraphs "98", "99" and "100" of the Complaint.

101.   Admit the allegations at Paragraph "101" of the Complaint, but deny knowledge or information sufficient to form a belief as to the truth that the alleged facts took place on September 4, 2007.

102-103.   Deny knowledge or information sufficient to form a belief as to the allegations in Paragraphs "102" and "103" of the Complaint.

104-105.   Neither admit nor deny the allegations at Paragraphs "104" and "105" of the Complaint, as the document will speak for itself.

106-108.   Admit the allegations at Paragraphs "106" "107" and "108" of the Complaint.

109.   Deny the allegations in Paragraph "109" of the Complaint.

110.   Admit the allegations at Paragraph "110" of the Complaint.

111.   With respect to the allegations at Paragraph "111" of the Complaint, deny that the public hearing was "focused" on those topics but admit the remaining allegations of Paragraph "111".

112-113.   Deny knowledge or information sufficient to form a belief as to truth of the allegations at Paragraphs "112" and "113" of the Complaint.

114.   Deny the allegations of Paragraph "114' of the Complaint.

115 - 118.   Admit the allegations of Paragraphs "115", "116", "117" and "118" of the Complaint.

119.   Deny the allegations in Paragraph "119" of the Complaint.

120.   Neither admit nor deny the allegations at Paragraph "120" of the Complaint, as the document will speak for itself.

121.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph "121".

122.     Admit that the Chairman of the Planning Board stated that language quoted at Paragraph "122" of the Complaint, but deny knowledge or information sufficient to form a belief as the truth of the remaining allegations at Paragraph "122".

123.     Neither admit nor deny the allegations at Paragraph "123" of the Complaint, as the negative declaration will speak for itself.

124-125.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs "124" and "125" of the Complaint. .

126.     Admit the allegations at Paragraph "126" of the Complaint.

127.     Deny the allegations at Paragraph "127" of the Complaint.

128.     Admit the allegations at Paragraph "128" of the Complaint.

129.     Deny the allegations at Paragraph "129" of the Complaint.

130.     With respect to the allegations at Paragraph "130" of the Complaint, deny that the public hearing was "focused" on those topics but admit the remaining allegations of Paragraph "130".

131-132.  Deny knowledge or information sufficient to form a belief as to the allegations at Paragraphs "131" and "132" of the Complaint.

133.     Deny the allegations at Paragraph "133" of the Complaint.

134.     With respect to the allegations at Paragraph "134" of the Complaint, admit that the Zoning Board of Appeals unanimously voted to deny T-Mobile's

request for a variance from Section 240-49(G)(5)(b), but deny the remaining allegations at Paragraph "134".

135-136. Neither admit nor deny the allegations at Paragraph "135" and "136" of the Complaint, as the document speaks for itself.

137-139. Deny the allegations at Paragraphs "137", "138" and "139" of the Complaint.

140. Deny knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph "140".

141. Deny the allegations at Paragraph "141" of the Complaint.

142. Deny knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph "142".

## AS FOR THE FIRST CLAIM

143. With respect to Paragraph "143" of the Complaint, Defendants repeat and reallege each and every responsive allegation as to the incorporated paragraphs, as though fully stated herein.

144. Neither admit nor deny the allegations at Paragraph "144" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

145. Deny the allegations in Paragraph "145" of the Complaint.

146.        Neither admit nor deny the allegations at Paragraph "146" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

147-148.   Deny the allegations at Paragraphs "147" and "148" of the Complaint.

149.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "149" of the Complaint.

150-153.   Deny the allegations at Paragraphs "150", "151", "152" and "153" of the Complaint.

## AS FOR THE SECOND CLAIM

154.        With respect to Paragraph "154" of the Complaint, Defendants repeat and reallege each and every responsive allegation as to the incorporated paragraphs, as though fully stated herein.

155.        Deny the allegations at Paragraph "155" of the Complaint.

156.        Neither admit nor deny the allegations at Paragraph "156" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

157-161.   Deny the allegations of Paragraphs "157", "158", "159", "160" and "161" of the Complaint.

## AS FOR A THIRD CLAIM

162.        With respect to Paragraph "162" of the Complaint, Defendants repeat and reallege each and every responsive allegation as to the incorporated paragraphs, as though fully stated herein.

163.    Neither admit nor deny the allegations at Paragraph "163" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

164-165.   Deny the allegations of Paragraphs "164" and "165" of the Complaint.

## AS FOR A FOURTH CLAIM

166.    With respect to Paragraph "166" of the Complaint, Defendants repeat and reallege each and every responsive allegation as to the incorporated paragraphs, as though fully stated herein.

167.    Neither admit nor deny the allegations at Paragraph "167" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

168-169.   Neither admit nor deny the allegations at Paragraphs "168" and "169" of the Complaint and refer the Court to the document, Town of LaGrange Town Code Section 240-49, annexed hereto as Exhibit "A", which speaks for itself.

170-171.   Deny the allegations at Paragraphs "170" and "171" of the Complaint.

## AS FOR A FIFTH CLAIM

172.    With respect to Paragraph "172" of the Complaint, Defendants repeat and reallege each and every responsive allegation as to the incorporated paragraphs, as though fully stated herein.

173.    Neither admit nor deny the allegations at Paragraph "173" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

174.    With respect to the allegations at Paragraph "174" of the Complaint, admit that Plaintiff is a public utility but deny all remaining allegations in the Complaint.

175.    Deny the allegations at Paragraph "175" of the Complaint.

176-177.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraphs "176" and "177" of the Complaint.

178.    Neither admit or deny the allegations at Paragraph "178" of the Complaint, as the Negative Declaration speaks for itself.

179-184.    Deny the allegations at Paragraphs "179", "180", "181", "182", "183" and "184" of the Complaint.

## AS AND FOR A SIXTH CLAIM

185.    With respect to Paragraph "185" of the Complaint, Defendants repeat and reallege each and every responsive allegation as to the incorporated paragraphs, as though fully stated herein.

186.    Neither admit nor deny the allegations at Paragraph "186" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph "187" of the Complaint.

188.    Deny the allegations at Paragraph "188" of the Complaint.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph "189" of the Complaint.

190.    Deny the allegations at Paragraph "190" of the Complaint.

191.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph "191" of the Complaint.

192-193.   Deny the allegations at Paragraphs "192" and "193" of the Complaint.

## AS AND FOR A SEVENTH CLAIM

194.    With respect to Paragraph "194" of the Complaint, Defendants repeat and reallege each and every responsive allegation as to the incorporated paragraphs, as though fully stated herein.

195.    Neither admit nor deny the allegations at Paragraph "195" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

196.    With respect to the allegations at Paragraph "196" of the Complaint, admit that the "ATC site" was the subject of the Plaintiff's application but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph "196".

197.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph "197."

198-201.   Deny the allegations of Paragraphs "198", "199", "200" and "201" of the Complaint.

## AS AND FOR A EIGHTH CLAIM

202.    With respect to Paragraph "202" of the Complaint, Defendants repeat and reallege each and every responsive allegation as to the incorporated paragraphs, as though fully stated herein.

203.        Neither admit nor deny the allegations at Paragraph "203" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

204-207.    Deny the allegations at Paragraphs "204", "205", "206" and "207" of the Complaint.

## AS AND FOR A NINTH CLAIM

208.        With respect to Paragraph "208" of the Complaint, Defendants repeat and reallege each and every responsive allegation as to the incorporated paragraphs, as though fully stated herein.

209.        Neither admit nor deny the allegations at Paragraph "209" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

210.        Neither admit nor deny the allegations of Paragraph "210" of the Complaint and refer the Court to the Order, annexed to the Complaint as Exhibit "B", which speaks for itself.

211.        With respect to the allegations at Paragraph "211" of the Complaint, admit that the existing ATC tower is located within 500 feet of residential buildings but deny the remaining allegations of Paragraph "211". .

212-214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraphs "212", "213" and "214" of the Complaint.

215.        With respect to the allegations at Paragraph "215" of the Complaint, admit that the Plaintiff was directed to make application to the ZBA to request a

variance from the setback provisions contained in Section 240-49(G)(5)(b), but deny the remaining allegations of Paragraph "215" of the Complaint.

216.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph "216" of the Complaint.

217-219.    Deny the allegations of Paragraphs "217", "218" and "219" of the Complaint.

## AS AND FOR A TENTH CLAIM

220.    With respect to Paragraph "220" of the Complaint, Defendants repeat and reallege each and every responsive allegation as to the incorporated paragraphs, as though fully stated herein.

221-222.    Neither admit nor deny the allegations at Paragraphs "221" and "222" of the Complaint as that Paragraph states a conclusion of law to which no responsive pleading is necessary.

223-229.    Deny the allegations at Paragraphs "223", "224", "225", "226", "227", "228" and "229" of the Complaint.

230.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph "230" of the Complaint.

231.    Deny the allegations at Paragraphs "231", "232", "233", "234", "235", "236" and "237" of the Complaint.

## AS A FIRST AFFIRMATIVE DEFENSE

232.    Plaintiff is not licensed by the Federal Communications Commission to provide wireless telecommunication services and therefore lacks standing to bring this action.

16

WHEREFORE, defendants pray that the Complaint be dismissed with costs and such

other relief as the Court deems proper.

Dated: Poughkeepsie, New York
       March 27, 2008

                                        Yours, etc.

                                        VAN DEWATER & VAN DEWATER, LLP


                                        By:    s/ Rebecca A. Valk_____
                                               Rebecca A. Valk (RV1766)

                                        Attorneys for Defendants
                                        Office and Post Office Address
                                        40 Garden Street
                                        PO Box 112
                                        Poughkeepsie, NY 12602
                                        Telephone:     (845) 452-5900
                                        Facsimile:     (845) 452-5848

TO:    Gabriel M. Nugent
       Jon P. Devendorf
       Hiscock & Barclay, LLP
       One Park Place
       300 South State Street
       Syracuse, New York 13202-2078

17