UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMNIPOINT COMMUNICATIONS, INC. d/b/a T-MOBILE, <br><br> *Plaintiff,* <br><br> -vs- <br><br> TOWN OF LAGRANGE, TOWN OF LAGRANGE ZONING BOARD OF APPEALS, TOWN OF LAGRANGE PLANNING BOARD, AND TOWN OF LAGRANGE PLANNING ZONING AND BUILDING DEPARTMENT, <br><br> *Defendants.* | Civil Action No. 08-CV-2201 <br> (WCC) (GAY) <br> (ECF Case) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND**

Gabriel M. Nugent
Jon P. Devendorf
  *of Counsel*

**HISCOCK & BARCLAY, LLP**
*Attorneys for Plaintiff*
Omnipoint Communications, Inc. d/b/a T-Mobile
Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York 13202-2078
Telephone:   (315) 425-2700
Facsimile:   (315) 425-8551
E-Mail:  gnugent@hiscockbarclay.com
E-Mail:  jdevendorf@hiscockbarclay.com

## TABLE OF CONTENTS

          **Page**

**TABLE OF AUTHORITIES** ................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................. 1

**ARGUMENT** ........................................................................................................................... 2

    Leave To Amend Is Freely Granted And Appropriate In This Matter Under Rule 15. ........................................................................................................... 2

**CONCLUSION** ........................................................................................................................ 4

## TABLE OF AUTHORITIES

**Cases**

*131 Main Street Assocs. v. Manko*, 897 F. Supp. 1507 (S.D.N.Y. 1995) ..................................... 3

*Foman v. Davis*, 371 U.S. 178 (1962) ............................................................................................ 2

*MCI Worldcom Network Servs. v. Graphnet, Inc.*, No. 00-5255, 2005 U.S. Dist. LEXIS 40835 (D.N.J. 2005) ............................................................................................................ 3

*Posadas de Mexico, S.A. de C.V. v. Dukes*, 757 F. Supp. 297 (S.D.N.Y. 1991) .......................... 2

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995) ...................................... 2

*USOC of Greater Iowa, Inc. v. City of Bellevue*, 279 F. Supp. 2d 1080 (D. Neb. 2003) ............. 3

**Statutes**

47 U.S.C. § 332 ......................................................................................................................... passim

**Rules**

Fed. R. Civ. P. 15 ...................................................................................................................... passim

**PRELIMINARY STATEMENT**

Plaintiff, Omnipoint Communications, Inc. d/b/a T-Mobile ("Plaintiff" or "T-Mobile"), respectfully submits this Memorandum of Law in support of its motion to amend the Complaint to add Omnipoint NY MTA License, LLC as an additional plaintiff in this action, and to file and serve an Amended Complaint in the form attached as Exhibit A to the accompanying Declaration of Jon P. Devendorf dated March 31, 2008. It is submitted that the instant application should be granted in its entirety as it is made early in the action (prior to any proceedings beyond the pleadings) and is intended to clarify facts relating to a defense raised by the Defendants relative to the licensing held by T-Mobile.

Plaintiff commenced this action against Defendants Town of LaGrange, the Town of LaGrange Zoning Board of Appeals (the "ZBA"), the Town of LaGrange Planning Board, and the Town of LaGrange Planning Zoning and Building Department for relief under the Communications Act of 1934, as amended by the Telecommunications Act of 1996 (47 U.S.C. § 151 *et seq.*), and Article 78 of the New York Civil Procedure Laws and Rules based upon violations of the Supremacy Clause of the United States Constitution and the unlawful denial of T-Mobile's application to co-locate wireless antennas on an existing monopole tower. In its Original Complaint, Plaintiff identified itself as Omnipoint Communications, Inc. d/b/a T-Mobile inasmuch as that is the operating entity through which T-Mobile's wireless telecommunications services are provided. In the Answer filed on March 27, 2008, Defendants allege, as an affirmative defense, that Plaintiff "is not licensed by the Federal Communications Commission to provide wireless telecommunication services and therefore lacks standing to bring this action." (*See* Defendants' Answer, ¶ 232.)

As set forth in the Amended Complaint, Plaintiff is a wholly-owned subsidiary of T-Mobile USA, Inc. that provides wireless services in the New York metropolitan area, including Dutchess County and the Town of LaGrange, under the brand name T-Mobile.  The entity that is named in the FCC license -- Omnipoint NY MTA License, LLC -- is a wholly-owned subsidiary of Plaintiff which operates by and through Plaintiff.  To clarify this fact in response to the defense asserted by Defendants, Plaintiff respectfully requests leave to amend the Complaint as provided for herein to add Omnipoint NY MTA License, LLC as an additional party plaintiff.

## ARGUMENT

### Leave To Amend Is Freely Granted And Appropriate In This Matter Under Rule 15.

Federal Rule of Civil Procedure 15 allows for liberal amendment of the pleadings in the interests of resolving cases on the merits.  *See Foman v. Davis*, 371 U.S. 178, 181-182 (1962) (contrary to the spirit of the Rules for decisions on the merits to be avoided on the basis of technicalities); *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995).  Amendments may relate either to parties or to claims, and may serve such purposes as to properly name or identify parties, and to add, substitute, or drop parties.  Fed. R. Civ. P. 15.  According to Rule 15, leave should be freely granted to amend a pleading at any stage of litigation "when justice so requires."  *Id*.  Accordingly, absent a bad faith delay or a demonstration of actual prejudice or a showing of futility, parties should proceed on the merits with leave to amend freely granted.  *Posadas de Mexico, S.A. de C.V. v. Dukes*, 757 F. Supp. 297, 300 (S.D.N.Y. 1991) (citations omitted).

The amendment proposed in the instant application does not change Plaintiff's theory of liability or any of its substantive claims.  Nor does it alter the comprehensive facts set out in the

- 3 -

initial pleading, except for the clarifications which relate to the proposed amendment.  Indeed, the amendment serves only to add an additional party plaintiff which is a wholly owned subsidiary of the present Plaintiff and which is united in interest with the present Plaintiff through which the proposed plaintiff operates.  *See 131 Main Street Assocs. v. Manko*, 897 F. Supp. 1507, 1521 (S.D.N.Y. 1995) (defendant not prejudiced when claims asserted by newly added plaintiffs were identical to those of the original plaintiffs).  Likewise, the proposed amendment is made before any further proceedings in this matter beyond the pleadings and is a good faith effort to clarify facts relating to a defense that has been raised by Defendants.  The liberal leave afforded by Rule 15 has been recognized in cases brought under the Telecommunications Act*.  See MCI Worldcom Network Servs. v. Graphnet, Inc.*, No. 00-5255, 2005 U.S. Dist. LEXIS 40835, at *55 (D.N.J. 2005); *see also USOC of Greater Iowa, Inc. v. City of Bellevue*, 279 F. Supp. 2d 1080, 1083 n.2 (D. Neb. 2003).

## CONCLUSION

For the reasons set forth herein and in the accompanying Declaration, Plaintiff respectfully requests that the Court grant its motion to amend the Complaint along with such other and further relief as the Court deems just and proper.

Dated:  April 3, 2008                                    **HISCOCK & BARCLAY, LLP**


By:   s/Jon P. Devendorf
    Gabriel M. Nugent (GN2439)
    Jon P. Devendorf (JD2724)

*Attorneys for Plaintiff*
Omnipoint Communications, Inc., d/b/a T-Mobile
Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York 13202-2078
Telephone:  (315) 425-2700
Facsimile:   (315) 425-8551
E-Mail:  gnugent@hiscockbarclay.com
E-Mail:  jdevendorf@hiscockbarclay.com

## CERTIFICATE OF SERVICE

I certify that on April 3, 2008, I filed a copy of the foregoing document with the Clerk of the Court via the CM/ECF system, which gave notice to the following attorney:

>Rebecca A. Valk
>Van De Water & Van De Water, LLP
>40 Garden Street
>P.O. Box 112
>Poughkeepsie, New York 12602

>>s/Jon P. Devendorf
>>Jon P. Devendorf

SYLIB01\616868\3