UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
OMNIPOINT COMMUNICATIONS INC.,
d/b/a T-MOBILE, AND
OMNIPOINT NY MTA LICENSE, LLC

                              Plaintiffs,        REPLY TO PLAINTIFFS'
                                                                                            RULE 56.1
   - against-                                      STATEMENT OF FACTS

                                                                             08 CV. 2201 (WCC) (GAY)
                                                                             (ECF CASE)

TOWN OF LAGRANGE,
TOWN OF LAGRANGE ZONING BOARD OF APPEALS,
TOWN OF LAGRANGE PLANNING BOARD, AND
TOWN OF LAGRANGE PLANNING, ZONING AND
BUILDING DEPARTMENT

                              Defendants.
------------------------------------------------------------------------x

       The Defendants, Town of LaGrange, Town of LaGrange Zoning Board of Appeals, Town of LaGrange Planning Board and Town of LaGrange Planning, Zoning and Building Department, reply to the Plaintiffs' Rule 56.1 Statement of Facts as follows:

1.     Deny. The Federal Communications Commission ("FCC") license submitted by the Plaintiff Omnipoint Communications Inc. d/b/a T-Mobile (hereinafter "T-Mobile") with its applications before both the Defendant Town of LaGrange Planning Board (hereinafter "Planning Board") and the Defendant Town of LaGrange Zoning Board of Appeals (hereinafter "ZBA") are held by a corporation known as "Omnipoint Facilities Spectrum 2, LLC" (Record at 217, 444)[1]. Omnipoint Facilities Spectrum 2, LLC is not a party to this action. (See Amended Complaint)

---

[1] All future references to the Record will appear as (R.___).

2. Admit.

3. Admit to the extent that there is a gap in coverage, but deny that the gap is a 3.5 mile area as the map submitted by T-Mobile is not to scale and, therefore, the only support for the size of the gap is the assertions of T-Mobile's counsel. (R. 402, 561).

4. Admit to the extent that a pre-application meeting was held on November 25, 2003 with a representative of Defendant Town of LaGrange Department of Planning, Zoning and Building (the "Building Department") but deny that the meeting was "to discuss the wireless services gap and the available opportunities to close the gap by the installation of a new wireless services facility". There is no support for this statement in the Record. The Record indicates that during the meeting "discussion was held as to whether a further application was required regarding set backs" (R. 0001).

5. Deny Paragraph 5 because it begins with "[a]t that time", presumably meaning the three (3) cited options were considered at the pre-application meeting held on November 25, 2003 and referenced in Paragraph 4 of the Plaintiffs' Rule 56.1 statement. The Record does not support that the three (3) cited options were discussed on November 25, 2003 (R.0001, R.044), but otherwise

6. Admit that collation of antennas at the ATC Site or construction of a tower at the Redl Site would eliminate much of the gap (R. 561), but deny the remainder of Paragraph 6 as the technical analysis was not submitted to the Defendants. Therefore, the only support for the remainder of Paragraph 6 is the assertions of Plaintiffs' counsel (R. 43-44).

7. Deny. The technical analysis was not submitted to the Defendants, therefore the only support for this contention is the assertions of Plaintiffs' counsel. (R. 44)

8. Admit the allegations of Paragraph, except deny that the litigation was ongoing "[a]t the time T-Mobile undertook its initial technical analysis" as the technical analysis was not submitted to the Defendants. Therefore, Defendants do not know if the alleged analysis was taken "at the time" the litigation was ongoing, and the only support for the same is the assertion of Plaintiffs' counsel (R. 44).

9. Deny – the Order does not discuss the facts which predicated the litigation, therefore there is no support in the Record for this contention (R.76-79).

10. Deny – the Order does not discuss the facts which predicated the litigation, therefore there is no support in the Record for this contention (R.76-79).

11. Deny to the extent that on or about December 30, 2003, T-Mobile did not submit an application for "all necessary approvals and permits" but instead submitted an application to the Building Department for special use permit approval and site plan approval only (R. 015-070), but otherwise admit the allegations of Paragraph 11.

12. Admit that T-Mobile provided this rationale in the proceeding below (R. 044), but deny allegation to the extent that there are other reasons why the Redl cite was chosen: "Additionally, the Redl property was previously approved for a 200 foot tower…" and "T-Mobile will present to the Board, through the use of propagation studies, the alternatives examined and why the Redl property was ultimately chosen." (R. 44).

13. Deny that the T-Mobile application at the Redl Site was "supported by" the 1987 variance, but admit the remaining allegations in Paragraph 13.

14. Admit (but note that the Reference should be R.89-90).

15. Admit.

16. Admit.

17. Admit that T-Mobile's representative attended a Planning Board workshop session on July 5, 2005, but otherwise deny the allegations in Paragraph 17 as the only support in the Record for the remaining allegations is the letter of T-Mobile's counsel, dated October 3, 2005 (R. 241). Local Rule 56.1(d) requires that statements made pursuant to Rule 56.1 must include a citation to evidence which would be admissible. The Plaintiffs' attempt to introduce Counsel's letter to support the truth of the matter asserted within the letter – that the Planning Board made such a statement. The letter would not be admissible for this purpose under the hearsay rule.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Deny. The dialogue was as follows: "Dennis Zach [resident] asked the board if they were aware that people had cancer in the area. Mr. Brewster [Planning Board Chairman] said it has come up before and added that it does concern him." (R. 332).

23. Admit.

4

24. Admit.

25. Deny to the extent that the letter does not request "continuation of [the] application" but instead states that T-Mobile "hereby renew[s] our previous application", but otherwise admit the allegations of Paragraph 25.

26. Admit.

27. Deny the allegations in Paragraph 27 as the only support in the Record for the allegations is the letter of T-Mobile's counsel, dated September 25, 2007 (R. 378). Local Rule 56.1(d) requires that statements made pursuant to Rule 56.1 must include a citation to evidence which would be admissible. The Plaintiffs' attempt to introduce Counsel's letter to support the truth of the matter asserted within the letter – that the Planning Board made such a statement. The letter would not be admissible for this purpose under the hearsay rule. Further, there is nothing in the Record to support that the Director of the Building Department made such a statement.

28. Deny to the extent that the Planning Board could not "direct[]" T-Mobile to make an application to the ZBA for an area variance, as such a statement implies that the Planning Board had discretion as to whether or not an area variance was necessary, but otherwise admit the allegations in Paragraph 28.

29. Admit.

30. Admit.

31. Deny that the ZBA read the letters into the record, but otherwise the allegations of Paragraph 31. The Chairman summarized the content of the letters during the public hearing (R. 471).

32. Admit.

33. Admit.

34. Admit.

35. Admit.

36. Admit.

37. Admit the allegations in Paragraph 37, but deny to the limited extent that the Record does not discuss a "company-wide upgrade."

38. Admit to the extent that there is a gap in coverage, but deny that the gap is a 3.5 mile area as the map submitted by T-Mobile is not to scale and, therefore, the only support for the size of the gap is the assertions of T-Mobile's counsel. (R. 402, 561).

39. Admit.

40. Admit.

41. Admit.

42. Admit that T-Mobile's counsel made those statements to the ZBA, but deny the accuracy of the matters asserted in those statements.

43. Admit.

44. Deny to the limited extent that Paragraph 44 is not a correct quote of the exact language used. (R. 520). In every instance where the word "T-Mobile" is used in Paragraph 44, the word "Omnipoint" was used in the original letter. (R. 520)

45. Deny to the limited extent that Paragraph 45 is not a correct quote of the exact language used (R. 555), but admit the sum and substance of Paragraph 45.

46. Admit, as the <u>Rosenberg</u> criteria applied to the area variance application. (R. 404-407)

47. Deny that the public hearing was "focused" on those topics but admit the remaining allegations of Paragraph 47.

48. Admit.

49. Admit that T-Mobile's counsel referred the ZBA to legal standards for granting an area variance to a public utility (R. 557), but deny that they were the "appropriate" legal standards as such statement makes a legal conclusion.

50. Admit.

51. Admit.

52. Admit.

53. Admit.

54. Admit.

55. Admit.


Additional material facts submitted by Defendants':

1. On January 22, 2004 the Honorable Charles L. Brieant signed an order in the matter of "Nextel of New York, Inc. and OmniAmerica Towers Inc. v. The Town of LaGrange, et. al" (Case Number 02 Civ. 4260). (R.076-079)

2. The Order referenced in Paragraph 2, above, was entered in the Clerk's office of the Southern District of New York on January 23, 2004. (R.076-079)

3. Pursuant to the terms of the January 22, 2004 Order of the Honorable Charles Brieant "any future modifications or additions to the [ATC Tower] or the

        Nextel Facility shall comply with any existing Town Zoning Code;…" (R. 078).

4. After April 20, 2004, T-Mobile elected to place the Redl Application on hold. (R.166, 330).

5. By letter dated November 18, 2005, T-Mobile submitted to the Town an escrow deposit of $2,500 to cover consultant review of the Vervalen Application. (R.252-253).

6. By letter dated December 14, 2005, the Town Engineer, Chazen Engineering and Land Surveying issued a comment letter regarding the substance of the Vervalen Application (R.256-259).

7. During the meeting, questions were raised by residents regarding ATC compliance with the January 2004 Court Order.

8. On January 17, 2006, Mr. Davis, T-Mobile's counsel stated that: "[F]rom T-Mobile's perspective [I] would prefer not to come back to the board for the public hearing until the issues [are] addressed with American Tower." (R.333).

9. T-Mobile did not respond to the April 3, 2006 letter, referenced in Paragraph 24 of the Plaintiffs' Rule 56.1 statement until January 4, 2008 (R. 516).

10. On April 4, 2006, ATC received a building permit to remove the pre-existing Nextel equipment shelter and to relocate the existing utilities. (R.356-357, 361-362).

11. On August 2, 2007, ATC received a Certificate of Compliance. (R.374)

12. On August 3, 2007, Nextel received a Use Permit. (R.375)

13. On January 22, 2008, the Planning Board issued a Negative Declaration under the State Environmental Quality Review Act. (R.525-535, 539-543)

14. On February 26, 2008, the Planning Board adopted a corrected Negative Declaration under SEQRA. (R.589, 591-595).

Dated:   August 15, 2008
         Poughkeepsie, NY 12601

                              RESPECTFULLY SUBMITTED,
                              Van DeWater & Van DeWater, LLP

                              BY:  /s Rebecca A. Valk
                                  REBECCA A. VALK
                                  Attorneys for Defendants
                                  Office and P.O. Address
                                  40 Garden Street
                                  P.O. Box 112
                                  Poughkeepsie, NY 12602
                                  Telephone:  (845) 452-5900